UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIP DALKE,

       Petitioner,                            Case No. 16-cv-11165
                                                  Hon. Matthew F. Leitman
v.

J.A. TERRIS,

       Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF #1)

Petitioner Kip Dalke ("Dalke") is a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan ("FCI Milan"). On March 30, 2016, Dalke filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). (*See* ECF #1.) In the Petition, Dalke challenges a decision of the Bureau of Prisons ("BOP") to negate 138 days of good-conduct time credit that he had earned. (*See id.*) The sanction stemmed from an incident in which BOP officials found bottles of alcohol and other items of contraband in a truck that Dalke and two other prisoners drove during a work furlough. The Petition claims that BOP staff members failed to comply with BOP policies during the disciplinary proceedings that preceded the imposition of the sanction. For the reasons stated below, the Court **DENIES** the Petition.

1

# I

Dalke is currently serving a 60-month sentence at FCI Milan following a conviction for participating in a drug conspiracy. The facts relevant to this action occurred when Dalke was confined at the Federal Correctional Institution in Terre Haute, Indiana. On September 23, 2014, shortly after midnight, Dalke and two other inmates drove from the Terre Haute facility to Talladega, Alabama as part of a work furlough tasked with making a delivery. When the three men returned to Terre Haute, prison staff searched the truck and found eight bottles of alcohol and numerous bags of tobacco. Staff also found a temporary Sam's Club membership card bearing Dalke's name and a receipt showing that Dalke purchased tobacco at Sam's Club on the evening of September 23rd. Staff also recovered a cell phone that included a contact for Dalke's mother. The truck's GPS tracking system showed that the three men had deviated from the planned route and driven to a shopping center. According to prison staff, Dalke initially admitted to using the cell phone and purchasing the alcohol and tobacco. (*See* ECF #7-3.)

On November 3, 2014, following the initial institutional investigation, an incident report was filed. (*See id.* at 1-3, Pg. ID 40-42.) Staff gave Dalke a copy of the incident report that same day. Staff later prepared a re-write of the incident report containing additional details, and staff gave the re-write to Dalke on December 1, 2014. (*See id.* at 4, Pg. ID 43.)

The incident was referred to the Unit Discipline Committee (the "Discipline Committee"), and that committee held a hearing on December 3, 2014. The report from this hearing indicates that Dalke was advised of his rights and that he chose not to make a statement. (*See id.* at 6-7, Pg. ID 45-46.) The Discipline Committee then referred the incident to a Discipline Hearing Officer for an additional hearing. Staff provided Dalke with written notice of that hearing.

The Discipline Hearing Officer held a hearing on December 15, 2014. (*See* ECF #7-7.) The hearing report indicates that Dalke was informed of his due process rights, that he indicated that he understood his rights, that he acknowledged that he received a copy of the incident report, and that he indicated that he did not have any witnesses to present at the hearing. (*See id.*) The staff member appearing on behalf of Dalke indicated that he had met Dalke prior to the hearing and reviewed the report with him. Dalke did not tell the staff member that he had any witnesses to present at the hearing.

At the hearing, Dalke admitted that he owned the cell phone and bought the tobacco, but he denied that the alcohol belonged to him. Dalke said that unlike the tobacco, there was no receipt for the alcohol and no evidence that he was aware of its presence in the truck. Dalke also denied that he deviated from the planned delivery route.

The Discipline Hearing Officer nevertheless found Dalke guilty of: (1) possession of a cell phone, (2) possession of alcohol, (3) violation of a furlough condition, and (4) possession of tobacco. The officer relied on the investigating officer's statement, supporting documentation, Dalke's admissions that the cell phone and tobacco were his, Dalke's previous admissions that he and his fellow inmates deviated from the planned route, and Dalke's inconsistent statements about whether or not he purchased the alcohol. (*See id.* at 2-4, Pg. ID 56-58.) Dalke was sanctioned with a total loss of 138 days of good-conduct time as well as lesser sanctions. (*See id.* at 3-4, Pg. ID 57-58.) Staff delivered the hearing officer's report to Dalke on January 28, 2015.

Dalke appealed the disciplinary action to the North Central Regional Office, but that office denied relief. Dalke then appealed to the Central Office for Inmate Appeals. Dalke did not receive a response from the central office within the time allowed by law, and he proceeded to file this action on March 30, 2016. (*See* ECF #1.) The central office subsequently denied Dalke's appeal on May 24, 2016.

## II

Dalke raises four challenges to the BOP's decision to negate his 138 days of good-conduct time. Dalke first argues that staff issued the incident report beyond the 30-day limit set by BOP policy. Next, he asserts that the report falsely stated that he admitted to possession of alcohol. Third, Dalke claims that the BOP did

4

not assign an investigating officer who was an "employee at the supervisory level." Finally, Dalke alleges that the investigating officer was not "IDC certified" as required by BOP policy. None of these claims merit relief under Section 2241.

A petition for a writ of habeas corpus is the appropriate vehicle for a challenge to the revocation of good time credits. *See Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987); *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983); *cf. Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that the Due Process Clause provides certain minimum protections for inmates facing loss of good time credits as a disciplinary sanction. Specifically, "[w]here a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985) (discussing *Wolff*, 418 U.S. at 563-67).

A decision by prison officials to cancel good-time credits need not satisfy the proof beyond a reasonable doubt standard applicable in a criminal trial. Rather, "the requirements of due process are satisfied if some evidence supports the

decision by the prison disciplinary board to revoke good time credits." *Id.* at 455. As the Supreme Court explained, this standard of proof is not demanding:

> Ascertaining whether this standard is satisfied does not require examination of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id*. at 455-56. Further, due process "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board," *id*. at 457, and a disciplinary finding can be upheld on even "meager" evidence, so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id*.

Here, the record demonstrates that Dalke received advance written notice of the charges before his disciplinary hearing. While he complains that the incident report was generated in an untimely fashion, he does not allege that any delay adversely affected his ability to defend the charges at the disciplinary hearing. The officials conducting the hearing also gave Dalke an opportunity to call witnesses, but he waived that right. In addition, Dalke has not asserted that he was denied an opportunity to present any documentary evidence. Finally, after the proceedings, staff gave Dalke a written statement of the evidence relied on and the reasons for the disciplinary action. (*See* ECF #7-7 at 1-3, Pg. ID 55-57.)

With respect to Dalke's claim about his possession of alcohol, the Discipline Hearing Officer noted that Dalke denied making an earlier admission to possessing the alcohol, but the officer nevertheless found that Dalke did indeed possess it. The hearing officer reasoned:

> It is reasonable to believe during the furlough, yourself and the other two inmates were always in close proximity to each other and knew what the others were doing at all times during the furlough of less than 23 hours. Each of you were in the cab of the truck together and it was the only source of transportation. The alcohol was found in the truck during a search, as well as the other contraband. During the SIS investigation, you stated, "I bought some tobacco and alcohol. I know it was wrong," although, at the DHO hearing you recanted. Whether you admitted to possession of the alcohol or not, it was in a common area where all three of you had access, which makes each of you responsible for the contraband. Additionally, you did not provide any evidence to refute the alcohol was not yours or was not found at the time of the search. Receipts were not found, however, they are not necessary to prove purchase or possession.

(*Id.* at 3, Pg. ID 57.)

Despite Dalke's protestations that he did not admit to possessing the alcohol, the Discipline Hearing Officer's finding that he possessed it was supported by "some evidence." Namely, it was supported by the allegation that Dalke previously admitted to possessing the alcohol and the evidence that it was found in a common area of the truck which Dalke had access to during the furlough.

7

Dalke further asserts that the BOP violated *Wolff* by failing to prepare "a written statement provided to [him] regarding the evidence to be relied upon at the [Discipline Hearing Officer] hearing in advance of said hearing." (Dalke Reply Br., ECF #8 at Pg. ID 62.) This is a misreading of *Wolff*. While the BOP is required to give advance written notice of the disciplinary *charges*, it is not required to give an advance written statement concerning the evidence it intends to present. *See Hill*, 472 U.S. at 454 (discussing *Wolff*, 418 U.S. at 563-67). Instead, the requirement to give a statement of evidence relied upon arises *after* the hearing. *See id.* Accordingly, and based on the record provided, the due process protections outlined in *Wolff* were satisfied here.

Finally, Dalke complains that the investigating officer was not a "supervisory level" employee of the BOP and was not "IDC certified," as required by BOP program statements. However, to the extent Dalke is arguing that the BOP did not follow its own policies and guidelines, these arguments are not cognizable under Section 2241. A prisoner's "habeas claim under § 2241 cannot be sustained solely upon the BOP's alleged violation of its own Program Statements because noncompliance with a BOP Program Statement is not a violation of federal law, in that such Program Statements are not mandated by statute or the federal constitution." *Miller v. Terris*, 2013 WL 6801157, at *3 (E.D.

Mich. Dec. 23, 2013) (rejecting identical claim) (citing *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011)).

Because the requirements of due process were satisfied by the BOP in revoking Dalke's good-conduct time, he has not demonstrated entitlement to relief.

III

For the reasons stated above, the Petition brought pursuant to 28 U.S.C. § 2241 is **DENIED**. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under Section 2241, *see Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Dalke need not apply for one with this Court or with the Sixth Circuit before filing an appeal of this Order.

**IT IS SO ORDERED**.

Dated: April 10, 2017

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 10, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

9